UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Gary Reed and Tom Vevea, as Trustees of the Minnesota Laborers Health and Welfare Fund and Minnesota Laborers Pension Fund; James Brady and Keith Kramer, as Trustees of the Minnesota Laborers Vacation Fund; Gary Reed and John Bartz, as Trustee of the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota; and Dan Olson and Chris Born, as Trustees of the Minnesota Laborers Employers Cooperation and Education Trust; and each of their successors,<br><br>                 Plaintiffs,<br><br>vs.<br><br>EnviroTech Remediation Services, Inc.,<br><br>                 Defendant. | Civil File No. 09-1976 MJD/JJG<br><br><br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR ENTRY OF JUDGMENT AGAINST DEFENDANT <u>ENVIROTECH REMEDIATION SERVICES, INC.</u>** |

This matter was heard before the undersigned on the 4th day of January 2013. Pamela H. Nissen of Anderson, Helgen, Davis & Nissen, P.A., appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant EnviroTech Remediation Services, Inc.

**FINDINGS OF FACT**

1.    The Summons and Complaint were filed with the Court on July 29, 2009. The service was accomplished upon Defendant EnviroTech Remediation Services, Inc. ("EnviroTech") on July 30, 2009.

2. The Amended Complaint was filed with the Court on December 29, 2009. The service was accomplished upon Defendant EnviroTech on January 6, 2010.

3. Defendant EnviroTech has failed to file and serve a response or Answer to the Amended Complaint.

4. The Application for Entry of Default and Affidavit of Pamela H. Nissen in support of the Application for Entry of Default were filed with the Court on October 23, 2012. The Clerk's Entry of Default was entered on October 25, 2012.

5. Plaintiffs filed and served a Motion for Partial Summary Judgment or in the Alternative Entry of Default Judgment on October 26, 2010 based upon the fringe fund report forms submitted by Defendant EnviroTech Remediation Services, Inc. for the months of May 2009 through August 2009. The Order granting Entry of Default Judgment against Defendant EnviroTech Remediation Services, Inc. was entered on January 7, 2011 in the amount of $184,103.15.

6. This Motion for Entry of Judgment is in addition to those amounts due against Defendant EnviroTech Remediation Services, Inc.

7. In addition, the Court incorporates the findings of fact and conclusions of law set forth in the Orders, denying the Lindstrom Defendants' and the Plaintiffs' motions for summary judgment, issued on July 1, 2011 and August 26, 2011

8. Defendant EnviroTech produced a partial set of records, the sign-in sheets and payroll records for the Xcel High Bridge project for review and audit for the period of March 24, 2008 through May 1, 2009. The Funds' auditor determined that the amount due for fringe benefit contributions for the project audit period of March 24, 2008 through May 1, 2009 is $245,168.86.

9. The amount due for liquidated damages for the project audit period of March 24, 2008 through May 1, 2009 is $24,516.89.

10. Interest charges that have accrued on the unpaid fringe benefit contributions. Plaintiffs used the rate of 8.25%, compounded monthly. The interest charges which have accrued and which will accrue through October 2012 total $91,487.68.

11. The total amount due for liquidated damages and interest is $116,004.57. The total amount due for double interest is $182,975.36.

12. The Collective Bargaining Agreement provides that Plaintiffs are entitled to their reasonable attorney fees and costs of this action.

13. Plaintiffs' counsel has worked more than 2,800 hours on this matter. In addition to the fees, Plaintiffs have incurred thousands of dollars in costs including service fees, deposition transcripts, trial exhibits, etc. A portion of the fees and costs are attributable to the Xcel High Bridge Project audit. The total amount attributable to the Xcel High Bridge Project is $27,126.00.

## CONCLUSIONS OF LAW

1. Defendant EnviroTech is in default, and Plaintiffs are entitled to Entry of Judgment in addition to the January 7, 2011 Judgment.

2. Pursuant to the Funds collection policy and ERISA § 502(g)(2), the Plaintiffs are entitled to an award of interest on the unpaid fringe benefit contributions. 29 U.S.C. § 1132(g)(2). ERISA § 502(g)(2) also provides that Plaintiffs are entitled to a second award of interest if greater than interest plus liquidated damages.

    3.    Defendant EnviroTech is liable to the Funds in the amount of $245,168.86 for fringe benefit contributions for the project audit period of March 24, 2008 through May 1, 2009.

    4.    In this instance, because a second award of interest is greater than an award of interest plus liquidated damages, Defendant EnviroTech is liable to Plaintiffs in the amount of $182,975.36 for double interest for the project audit period of March 24, 2008 through May 1, 2009.

    5.    Defendant EnviroTech owes $27,126.00 for attorney fees and costs.

## ORDER

**IT IS ORDERED**:

    1.    That Plaintiffs' Motion for Entry of Judgment is granted.

    2.    That judgment in the amount of $455,270.22 shall be entered against Defendant EnviroTech Remediation Services, Inc. in favor of the Plaintiffs.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  January 23, 2013        BY THE COURT:


                                          s/ Michael J. Davis
                                          The Honorable Michael J. Davis
                                          Chief United States District Court Judge

101102